# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| **LARRY N. MOORE, ADMINISTRATOR, ETC.,** | ) ) ) Case No. 5:08CV00086 ) |
| Plaintiff, | ) ) **OPINION** |
| v. | ) ) By: James P. Jones |
| **HARRISONBURG/ROCKINGHAM SOCIAL SERVICES DISTRICT, ETC., ET AL.,** | ) Chief United States District Judge ) ) ) |
| Defendants. | ) |

*Larry N. Moore, Administrator of the Estate of Candice Marie Raynor, Pro Se; J. Frederick Watson and Pavlina B. Dirom, Caskie & Frost, Lynchburg, Virginia, for Defendants.*

In this action under 42 U.S.C.A. § 1983 (West 2003), the plaintiff seeks recovery for the death of a 15-year-old who died while in the custody of a local social services agency. The agency and its employees who are defendants have moved to dismiss for failure to state a claim. For the reasons set forth in this Opinion, I will grant the defendants' motion.

I

In the Complaint filed on behalf of the plaintiff by counsel,[1] the tragic story of the decedent is told as follows.

In May of 2005, a state juvenile and domestic relations court in Harrisonburg, Virginia, removed the decedent, Candice Marie Raynor, from the custody of her mother, Linda Raynor, and the Harrisonburg/Rockingham County Social Services District ("HRSSD") assumed legal custody. Thereafter, the agency placed Candice in a private facility in Richmond, Virginia, called Magnolia House. Candice escaped from this facility on September 30, 2006, and died later that day from electrocution at a nearby substation.

---

[1] This action was initially filed pro se by Linda Raynor, mother of the deceased. The court assigned experienced counsel for her, and counsel voluntarily dismissed the pro se action and refiled the present suit in the name of the administrator of the decedent's estate. Mrs. Raynor does not serve as administrator, perhaps because she is not now a resident of Virginia, although she has remained the interested party in the litigation. Because irreconcilable differences arose between Mrs. Raynor and her attorneys, the court allowed counsel to withdraw after the new suit was filed. Recently Mrs. Raynor filed pro se another action over the death of her daughter in the Eastern District of Oklahoma, which case was dismissed sua sponte as frivolous. *Raynor v. Wentz*, No. 09-CIV-223-RAW, 2009 WL 2057525 (E.D. Okla. July 14, 2009). Mrs. Raynor is an experienced pro se litigator. *See, e.g., Raynor v. Great E. Resort Mgmt.*, No. 2:07-cv-689-FtM-29DNF, 2007 WL 4322771 (M.D. Fla. Dec. 11, 2007); *Raynor v. Elkmont Apartments*, No. 5:07CV00010, 2007 WL 1874230 (W.D. Va. June 26, 2007).

In the Complaint, it is alleged that HRSSD and its defendant employees are liable for Candice's death for ignoring the deficiencies in her care and custody by Magnolia House and thus exhibiting deliberate indifference to her rights.

The defendants have moved to dismiss for failure to allege sufficient facts to state a proper cause of action. *See* Fed. R. Civ. P. 12(b)(6). The plaintiff was given a adequate opportunity to respond to the Motion to Dismiss, and it is now ripe for decision.[2]

II

"As the Supreme Court has recently explained, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim." *Walker v. Prince George's County, Md.*, No. 08-1462,

---

[2] Linda Raynor (rather than the actual plaintiff) responded with a statement that "[t]he murder of a Federal witness nullifies all laws in the Motion for [sic] Dismiss . . . . The case Candice Raynor would have testified in was a drugging [sic] without a court order." Before her death, Candice was treated by a psychiatrist from the Medical College of Virginia, and Mrs. Raynor, by counsel, sought an order from a state court enjoining the administration of any psychotropic medication. The request was denied after an evidentiary hearing, on the grounds that no medical evidence had been presented of harm to the child and in light of the psychiatrist's opinion that such medication was appropriate. *In re Candice Raynor,* No. CL06-J0042 (Va. Cir. Ct. Aug. 16, 2006). Mrs. Raynor had also complained of the treatment of Candice in pro se actions in this court. *See Raynor v. Va. Dep't of Soc. Servs.,* No. 5:06CV00064, 2006 WL 2037571 (W.D. Va. July 18, 2006). Candice died in a few short weeks after these court decisions, and Mrs. Raynor's resulting grief and frustration is certainly understandable.

-3-

2009 WL 2343614 (4th Cir. July 30, 2009) (O'Connor, J.)(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The "mere possibility of misconduct" is insufficient; "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. at 1950.

Here, the Complaint fails to allege sufficient facts to show that any deficiency in the supervision of the decedent arose from a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). In addition, the Complaint does not sufficiently allege facts showing a plausible claim of deliberate indifference that was the proximate cause of Candice's tragic death. *See Justus v. County of Buchanan*, 517 F. Supp. 2d 810, 814 (W.D. Va. 2007).

For these reasons, I find that the Motion to Dismiss must be granted.[3]

III

Accordingly, the defendants' Motion to Dismiss will be granted and the action dismissed. A separate order will be entered forthwith.

DATED: September 10, 2009

/s/ JAMES P. JONES
Chief United States District Judge

---

[3] I do not reach the defendants' other arguments, including that the agency is immune from suit under the Eleventh Amendment.